UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER A. DUNCAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:17-cv-00022 ) |
| AMY F. LAMPING, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

On January 9, 2017, Christopher A. Duncan, a pretrial detainee proceeding pro se and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 asserting Fourth Amendment claims for unlawful arrest and unlawful search and seizure, and an Eighth Amendment claim for excessive bail. (Doc. No. 1). Upon initial review under the Prison Litigation Reform Act, the Court (1) dismissed Plaintiff's Eighth Amendment claim, (2) determined that his Fourth Amendment claims should be stayed pending the resolution of ongoing state criminal proceedings pursuant to Wallace v. Kato, 549 U.S. 384 (2007), and (3) ordered that this case be administratively closed. (Doc. Nos. 4, 5 (entered Feb. 1, 2017)).

Plaintiff's criminal case proceeded to trial in Cheatham County Criminal Court, resulting in his conviction and the imposition of a lengthy prison sentence. (See Doc. Nos. 11, 13). It appears that he has now completed the process of direct and post-conviction review of that conviction, winning no relief in state court. With such review concluded, on January 8, 2025, Plaintiff filed a Motion to Open (Doc. No. 19) in which he asks the Court to reinstate this case to the active docket,

so that it may be considered alongside his recently filed Petition for Writ of Habeas Corpus. (Id. at 14); see Duncan v. Tennessee, No. 3:25-cv-00017 (M.D. Tenn.) (Richardson, J.).

For the reasons given below, Plaintiff's Motion to Open (Doc. No. 19) will be granted and this case will be reinstated to the active docket. However, because Plaintiff's Fourth Amendment claims under Section 1983, if successful, would necessarily imply the invalidity of his conviction, this reopened case must be dismissed.

## II. DISCUSSION

In the Complaint, Plaintiff claimed that on April 11, 2016, his Fourth Amendment rights were violated when he was arrested without a warrant or probable cause and both his person and the car he was driving were searched, resulting in seizure of items including "phones and cameras." (Doc. No. 1 at 7). The Complaint requested dismissal of the charges against Plaintiff and damages to compensate him and his family for the "hurt and pain" caused by his incarceration. (Id. at 9).

In its Memorandum Opinion accompanying the stay order, the Court found that, although dismissal of a complaint such as Plaintiff's was once deemed appropriate under the rule of Heck v. Humphrey, 512 U.S. 477 (1994), a stay in lieu of dismissal was now required in such cases filed while the plaintiff's criminal prosecution is ongoing. But this Court further noted that Heck would require dismissal "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction." (Doc. No. 4 at 5 (quoting Wallace, 549 U.S. at 394)). The full holding of Heck is as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486–87.

As relevant here, the Supreme Court in Heck further noted that a Section 1983 suit for damages based on an allegedly unreasonable search may be sustainable despite the plaintiff's criminal conviction if its success would not *necessarily* imply that the conviction was invalid. Still, the Fourth Amendment claimant seeking compensatory damages "must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." Id. at 487 n.7; see also, e.g., Steel v. Kelly, No. 16-1215, 2016 WL 11618614, at *2 (6th Cir. Aug. 24, 2016) (stating that even if favorable ruling on Fourth Amendment claims would not necessarily imply invalidity of plaintiff's extant conviction, proof of injury in addition to that caused by imprisonment is required). Thus, Fourth Amendment claims are not categorically "exempted from the requirement that a conviction must be set aside as a precondition for this type of § 1983 suit," Schilling v. White, 58 F.3d 1081, 1086 (6th Cir. 1995), but must be assessed "on a case-by-case basis" to determine whether their success would impugn the conviction's validity. Harper v. Jackson, 293 F. App'x 389, 391–92 (6th Cir. 2008).

Here, Plaintiff explicitly seeks to recover damages for the suffering he endured due to his imprisonment (Doc. No. 1 at 9) on charges arising out of a home invasion, including theft, aggravated burglary, and especially aggravated kidnapping. (Doc. No. 19 at 1–2). Moreover, the Court takes judicial notice that the items seized (unlawfully, according to the Complaint (Doc. No.

1 at 7)) from Plaintiff's car and person on April 11, 2016 included "the victim's white cell phone," "a camera that contained pictures of the victim's family[,] and duct tape that matched the duct tape on the victim's clothing." State v. Robinson, Duncan and Shoffner, No. M2020-00058-CCA-R3-CD, 2021 WL 1020913, at *2 (Tenn. Crim. App. Mar. 17, 2021). As the Sixth Circuit has found in a similar scenario, "the only conceivable injury from the seizure of [such] evidence would be [Plaintiff's] conviction, which . . . cannot be the basis of a damages claim under *Heck*." Hunt v. Michigan, 482 F. App'x 20, 22 (6th Cir. 2012) (considering seizure of "a weapon and a female undergarment" from suspect who was later convicted of possession of a firearm and sexual misconduct). In short, it is clear that success on Plaintiff's Fourth Amendment claims for damages would impugn his conviction.

Plaintiff's Motion to Open does not explicitly renew the Complaint's request for damages. Instead, it asserts the unconstitutionality of his warrantless arrest and search as the basis for claiming that his defense counsel was ineffective in failing to argue Fourth Amendment grounds for suppression (Doc. No. 19 at 8–9), and that his conviction on the basis of the seized evidence was unlawful. (Id. at 12–13). These claims are proper to a habeas corpus action such as the one Plaintiff recently filed in this district. If and when (but not before) he succeeds in having his conviction set aside via federal writ of habeas corpus or order of a state tribunal or official, then Plaintiff may bring his Fourth Amendment claims under Section 1983. See Schilling, 58 F.3d at 1087 n.5 ("Because a § 1983 claim for relief does not exist until the conviction is set aside, the statute of limitations does not begin to run until this time.").

### III. CONCLUSION

Accordingly, Plaintiff's Motion to Open (Doc. No. 19) is **GRANTED** and this case is **REOPENED** and **REINSTATED** to the active docket. However, as explained above, because

4

Plaintiff's Fourth Amendment claims under Section 1983 would, if successful, necessarily imply the invalidity of his conviction, the reopened case fails to state a claim upon which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this action is **DISMISSED WITHOUT PREJUDICE** to refiling if and when Plaintiff's conviction is set aside.

The Court certifies that any appeal of this decision would not be taken in good faith, and therefore could not be pursued *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE